**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 1:13-cr-063
                                          Also 1:17-cv-581

                                          District Judge Susan J. Dlott
- vs -                                Magistrate Judge Michael R. Merz

PETER TSAI,

                Defendant.    :

---

## REPORT AND RECOMMENDATIONS

---

This is an action on Defendant's Motion to Vacate under 28 U.S.C. § 2255 which Defendant filed with the assistance of counsel (ECF No. 134). The Motion was referred to the undersigned who thereupon ordered the United States to answer (Order, ECF No. 138). The United States has done so (ECF No. 141) and Defendant has filed a Reply in support (ECF No. 144).

**Procedural History**

Defendant was indicted June 19, 2013, on four counts for violations of 18 U.S.C. §§ 1349, 1347, 545, and 1956 (Indictment, ECF No. 1). On August 8, 2014, after three days of trial but before the Government had rested its case, Mr. Tsai entered into a plea agreement with the

1

United States which provided in pertinent part that he would plead guilty to conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 and illegal importation of merchandise in violation of 18 U.S.C. § 545 (ECF No. 63). Judge Dlott ordered a presentence investigation report from the Probation Department which she received January 16, 2015 (ECF No. 77). On June 4, 2015, she sentenced Mr. Tsai to 78 months imprisonment on each of Counts One and Three with the time to be served concurrently. Mr. Tsai appealed and the Sixth Circuit affirmed both the conviction and sentence. *United States v. Tsai*, No. 15-3655, 651 Fed. Appx. 380 (6th Cir. June 7, 2016). Tsai did not seek review in the United States Supreme Court, but filed the instant Motion September 4, 2017.

Defendant pleads one ground for relief, that his guilty plea was not knowing and voluntary due to ineffective assistance of trial counsel (Motion, ECF No. 134, PageID 1495.) The United States opposes the Motion on the merits, not raising any procedural defenses.

## The Parties' Positions

**Defendant's Claims**

Defendant's Motion is supported by a lengthy Memorandum (ECF No. 135, PageID 1504-1528). It begins with a statement of factual background which cites trial testimony *Id*. at PageID 1505-1511. The Memorandum then relies on the attached Affidavit of Peter Tsai (ECF No. 135-1, PageID 1529-1536),[1] which details the ways in which Tsai believes Kevin Conners, his retained defense counsel, was deficient in preparing for trial in failing to be prepared to

---

[1] PageID 1537, which purports to be a part of Mr. Tsai's Affidavit, is illegible.

effectively cross-examine the Government's witnesses, in not retaining expert witnesses for the defense, in not subpoenaing patients to testify in his behalf, and in a number of other ways.

Tsai avers that at the end of the third day of trial, Conners told him the case was not winnable (Tsai Affidavit, ECF No. 135-1, ¶ 8, PageID 1530). He further avers, "I decided to plead guilty because I realized Mr. Conners was not prepared to defend me at trial." *Id.* at ¶ 10. The balance of the Affidavit details the ways in which Mr. Tsai believes Conners was unprepared.

The Supporting Memorandum notes correctly that the governing standard for ineffective assistance of trial counsel is provided by *Strickland v. Washington*, 466 U.S. 668 (1984), and in a guilty plea context by *Hill v. Lockhart*, 474 U.S. 52 (1985). It then proceeds to detail at some length the ways in which Tsai alleges Conners' performance was defective, which is the first prong of the *Strickland* analysis: (1) failure to consult experts to rebut the reports of Government experts Drs. Terry Torbeck and Human Akbik (ECF No. 135, PageID 1516); (2) failure to consult a radiology expert and an expert on piriformis syndrome *id.;* (3) failure to subpoena patient witnesses to trial, *id*. at PageID 1520; and (4) failure to interview Government witnesses *id*. at PageID 1523. As to the prejudice prong of Strickland, Tsai asserts he would have insisted on completing the trial if Conners had been prepared. *Id*. at PageID 1526.

The Government's Answer was filed November 13, 2017, and indicates it will be supported by an affidavit from Mr. Conners. The Court had advised the parties that, as a result of Tsai's claim of ineffective assistance of trial counsel, he had waived attorney-client privilege as to relevant communications with Conners (Order, ECF No. 138, PageID 1701). However, as of the date of this Report, no affidavit from Mr. Conners has been filed.

The Answer notes what is confirmed by the docket: Tsai was sentenced ten months after the plea and never sought to withdraw his plea, change counsel, or otherwise represent that he had received ineffective assistance of trial counsel. Nor did he make any such claim at sentencing. Represented by new counsel on appeal,[2] Tsai sought reversal on a claim that Judge Dlott had violated Fed. R. Crim. P. 11 in encouraging him to plead guilty. Significantly, Tsai claimed Judge Dlott's statement at the end of the third day of trial "coerced [him] into an involuntary plea that he otherwise would not have entered."

> But for the district court's violation of Rule 11, Tsai would not have entered a guilty plea because he was on the third day of trial. The fact that he pleaded guilty immediately after the judge made her improper comments demonstrates that he would not have plead [sic] guilty but for the judge's remarks.

(Brief of Appellant, 6th Cir. Case No. 15-3655, ECF No. 18, pp. 18-19). Nowhere in his Brief does he assert there was any other cause for his guilty plea. In particular, he makes no claim that any of his attorney's conduct or omissions had anything to do with his decision.

The Answer then recounts at length the Government's theories for trial and what the Government knows about Mr. Conners' preparation (ECF No. 141, PageID 1712-14). This argument includes response to the Affidavit of Loren Fishman, M. D., filed by Tsai in support of his Motion to Vacate (ECF No. 137-1). The Government concludes by arguing that Tsai can show no prejudice from anything Conners did or did not do as to Count One because he separately pleaded guilty to Count Three, the smuggling charge, and does not aver any basis for setting that conviction aside (Answer, ECF No. 141, PageID 1735).[3]

---

[2] Candace Crouse, the same attorney who represents him in these proceedings.
[3] The heading of this section of the Answer says "Consecutive Sentences," but the mistake is corrected in the first sentence of text.

# Analysis

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

> With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:
> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987)(*quoting Strickland,* 466 U.S. at 687: "The likelihood of a different result must be substantial, not just conceivable."); *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. *Id.*, at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id.*, at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id.*, at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

The *Strickland* standard applies in evaluating ineffective assistance claims in cases that resulted in a negotiated plea. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Sparks v. Sowders*, 852

F.2d 882, 884 (6th Cir. 1988). In order to satisfy the "prejudice" prong of *Strickland* in a negotiated plea case, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty or no contest and would have insisted on going to trial. *Hill*, 474 U.S. at 58. Moreover, he must show that there would have been a reasonable chance he would have been acquitted had he gone to trial. *Id.* at 59.

Without suggesting the parameters of such a proceeding, Tsai "respectfully requests an evidentiary hearing on his this [sic] Motion." (ECF No. 135, PageID 1527.) In the Reply, counsel merely states, "[a]n evidentiary hearing is necessary in order for this Court to more fully understand the ineffective assistance of counsel claims raised in Tsai's Motion to Vacate." (ECF No. 144, PageID 1785.)

The Magistrate Judge agrees that to determine whether Mr. Conners' omissions constitute deficient performance would require an evidentiary hearing. Because of the nature of Tsai's claims, such a hearing would amount to re-trying the case on a hypothetical basis, a process that would take, conservatively estimated, two to three weeks. Here's why.

Both the performance and prejudice prongs of the ineffectiveness inquiry are mixed questions of law and fact. *Ramonez v. Berghuis,* 490 F.3d 482, 487 (6th Cir. 2007); *Combs v. Coyle*, 205 F.3d 269, 278 (6th Cir. 2000). To make the requisite findings of fact, a court must take evidence. However, there is no admissible evidence before the Court at this time except the trial testimony. The Federal Rules of Evidence apply to § 2255 proceedings. Fed. R. Evid. 1101. Everything Defendant has submitted to support his case is uncross-examined hearsay or unauthenticated documents. Because Tsai and Dr. Fishman purport to offer expert medical testimony, it would probably be necessary to conduct hearings under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to determine admissibility. Once those witnesses

7

and any uncalled lay witnesses had been heard, the Government would be entitled to present the two days of testimony it did not present at trial. This is because the test of the likely outcome of trial and whether a defendant would rationally have rejected a plea bargain and continued with trial is an objective test.

It is not enough for Tsai to say now, as a subjective matter, that he would have rejected the plea. "The test is objective, not subjective." *Plumaj v. Booker*, 629 Fed. Appx. 662 (6th Cir. 2015), *quoting Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012). To obtain relief, a petitioner "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). The rationality of such a rejection is typically based on multiple factors, including the strength of the evidence against a defendant, the lack of viable defenses, and the benefits of the plea bargain. See *Pilla*, 668 F.3d at 373; *Haddad v. United States*, 486 F. App'x 517, 522 (6th Cir. 2012).

Fortunately for the cause of judicial economy, the Motion can be decided on the prejudice prong of *Strickland* alone. Although there are two prongs to the *Strickland* test, courts may address only one prong if it is dispositive:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not

> become so burdensome to defense counsel that the entire criminal
> justice system suffers as a result.

*Strickland,* 466 U.S. at 697.

All of Tsai's attack in his § 2255 Motion is directed at his plea of guilty on Count One, but he also pleaded guilty on Count Three. He does not accuse Mr. Conners of ineffective assistance of trial counsel on that Count, nor suggest any evidence that could have been offered or witnesses called to prevent conviction on that Count. Physical evidence of illegal importation of Synovisc was found in his practice offices when they were searched pursuant to warrant and it is uncontested that he used a great deal of this medication in his practice.

As the judgment shows and the Sixth Circuit's opinion confirms, Tsai was sentenced to imprisonment of seventy-eight months on each count of conviction and they were ordered to be served concurrently with each other (Judgment, ECF No. 98). Thus if the conviction on Count One were set aside, Tsai would still be facing the same length of incarceration as if it were not.

The Government argues that the concurrent sentences with the lack of challenge to Count Three mean that there is no prejudice from Mr. Conner's performance, whether not it was deficient (Answer, ECF No. 141, PageID 1735, *citing Dale v. Haeberlin*, 878 F.2d 930, fn. 3 (6th Cir. 1989)). In his Reply, Tsai makes no response to this argument and it is persuasive to the Magistrate Judge. Accordingly, the Magistrate Judge finds Tsai has not shown or even argued for any prejudice from and deficient performance by Mr. Conners that would somehow impact the length of his incarceration.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the § 2255 Motion be DISMISSED. If Tsai objects to this conclusion and seeks to appeal from any eventual adverse determination by the District Court, he must file a motion for a certificate of appealability at the same time as he files such objections because the Court has a duty to address that question in any judgment. Rule 11 of the Rules Governing § 2255 Proceedings.

January 11, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).